

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Mr. Guinn:

Opinion No. O-3002
Re: Necessity for a driver's
bond in the transportation of
children to and from a common
school district, where the
driver does not contemplate
operating the bus in person,
but through employees who are
not themselves to be bonded.

We beg to acknowledge receipt of your letter of January 3 asking for an opinion from this Department upon the following case:

"The Trustees of the Smelter Common School District have submitted to me for approval, a bus drivers bond, executed by one E. P. Sanderson, as Principal, in the sum of $2,000.00, purporting to comply with Article 2687-a of the Revised Civil Statutes.

"Attached to the bond is a contract entered into between Sanderson and the School Board, and from this it appears that Sanderson will not drive any bus personally, but that persons working for him will drive the school bus, as well as certain cars owned by him, as may be needed to transport the children. As a practical matter, this involves the use of two cars of Sanderson's, as well as the school bus, and Sanderson furnishes three of his cab drivers for this work. They are not a party to the bus drivers

Honorable Ernest Guinn, page 2

bond, and the only bond which he is to furnish is
the one bond signed by himself. He proposes to use
different drivers for this work.

"It is my opinion that Article 2687-a con-
templates the execution of a bus drivers bond by
each driver who is to drive the children to school,
irrespective of the person or firm with whom the
contract of employment may be made, and that the
law contemplates the Trustees knowing the persons
who will transport the children.

"For this reason I have refused to approve
the bond as handed to me, and advised the Trustees
that I would submit the question to your department
for determination."

It is the opinion of this Department that
you were right in declining to approve the bond as tendered
to you.

The matter of the sufficiency of the bond
is determined by a construction of Article 2687a of Vernon's
Annotated Texas Statutes, which reads as follows:

"The trustees of any school district, common
or independent, making provision for the transportation
of pupils to and from school, shall for such purpose
employ or contract with a responsible person or firm.
No person shall be employed to transport pupils, who
is not at least twenty-one years of age, and a competent
driver of motor vehicles and sound in body and mind.
All motor vehicles operated by school districts,
directly or by contract, in the transportation of
pupils shall be covered and so glassed or curtained
at the sides and rear as to protect the pupils from
the inclemencies of the weather, and shall at all
times be equipped with efficient lights and brakes.
The drivers of all school transportation vehicles
shall be required to give bond for such amount as
the Board of Trustees of the district may prescribe,
not less than $2,000.00, payable to the district,
and conditioned upon the faithful and careful discharge
of their duties for the protection of the pupils under
their charge and faithful performance of the contract
with (said) School Board; and they shall, before crossing

Honorable Ernest Guinn, page 3

any railroad or interurban railway tracks, bring
their vehicles to a dead stop. Failure to stop
before crossing such railway as provided herein
shall forfeit the drivers contract and, in case
of accident to pupils or vehicles the bond shall
be forfeited and the amount and all right thereunder
shall be determined by a court of competent juris-
diction."

We think this statute contemplates that the
contract driver is the "driver" who is required by the sta-
tute to execute the bond. From this it further follows
that the statute contemplates such contract driver shall
actually operate the school bus, and for these reasons
the statute would have to be complied with to result in
a statutory bond.

It may be, and probably is true that a
contract driver who has executed a bond would in a proper
case be liable for the negligence of an unbonded employee
driver, but this would be upon the principle of contract
or common law liability and not that of statutory liability,
whereas as above stated the statute contemplates a statutory
bond and there is every good reason for requiring such
statutory bond. See Robinson v. Draper (Tex.) 127 S.W. (2d)
181; Reeves v. Tittle, 129 S. W. (2d) 364.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS:AMM

APPROVED JAN 10, 1941

ATTORNEY GENERAL OF TEXAS

